ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE** Northern **DISTRICT OF TEXAS**
Fort worth **DIVISION**

```
┌──────────────────────────────────┐
│         U.S. DISTRICT COURT       │
│     NORTHERN DISTRICT OF TEXAS    │
│                                   │
│              FILED                │
│                                   │
│          NOV - 4 2005             │
│                                   │
│   CLERK, U.S. DISTRICT COURT      │
│   By _____          │
│            Deputy                 │
└──────────────────────────────────┘
```

Allen Calton
**Plaintiff's name and ID Number**
Bill Clements Unit
9601 Spur 591
**Place of Confinement** Amarillo, TX, 79107

CASE NO: _____
**(Clerk will assign the number)**

v.

See attached Pages
**Defendant's name and address**

Jury Trial Demanded

_____
**Defendant's name and address**

_____
**Defendant's name and address**
**(DO NOT USE "ET AL.")**

4-05 CV-0703-Y

_____

I.       **PREVIOUS LAWSUITS:**

A. Have you filed *any* other lawsuits in state or federal court relating to your
imprisonment?                    ✓ YES ____ NO

B. If your answer to "A" is "yes", describe each lawsuit in the space below.
(If there is more than one lawsuit, describe the additional lawsuits on another piece of paper,
giving the same information.)

1. Approximate date of filing lawsuit: See attached Pages

2. Parties to previous lawsuit:
Plaintiff(s) _____

Defendant(s) _____

3. Court (If federal, name the district; if state, name the county) _____

4. Docket Number: _____

5. Name of judge to whom case was assigned: _____

6. Disposition: (Was the case dismissed, appealed, still pending?)

_____

7. Approximate date of disposition: _____

Page 1 of 74

Defendants Names and Addresses

1. Tarrant County            Individual and official Capacity
   100 N. Lamar St.
   Fortworth, Tx 76102

2. Dee Anderson            Individual and official Capacity
   100. N. Lamar St.
   Fortworth, Tx 76102

3. Tarrant County Hospital J.P.S. Health Network
   1500 South Main St.
   Fortworth, Tx 76104

4. David Cecero            Individual And official Capacity
   1500 South Main St.
   Fortworth, Tx 76104

5. D.M. Stromile            Individual and official Capacity
   100. N. Lamar St.
   Fort worth, Tx 76102

Page 2 of 74

Defendants Names and Addresses

6. Cedric Simon        Individual and Official Capacity
100 N. Lamar St.
Fortworth, Tx 76102

7. Gayle Gray        Individual and Official Capacity
100 N. Lamar St.
Fortworth, Tx 76102

8. Lieutenant Christian   Individual and Official Capacity
100 N. Lamar St.
Fort worth, Tx 76102

9. Eugene L Garcia      Individual and Official Capacity
100 N. Lamar St.
Fort worth, Tx 76102

10. Richard Closner      Individual and official Capacity
100 N. Lamar St.
Fort Worth, Tx 76102

Page 3 of 74

Defendants Names and Addresses

11. J. Evans          Individual and Official Capacity
100 N. Lamar St.
Fort Worth, TX 76102

12. Mr. Guadalupe      Individual and Official Capacity
100 N. Lamar St.
Fort Worth, TX 76102

13. Carl Garrett       Individual and Official Capacity
100 N. Lamar St.
Fort Worth, TX 76102

14. Charlie Akomas     Individual and Official Capacity
100 N. Lamar St.
Fort Worth, TX 76102

15. D. Bailey          Individual and Official Capacity
100 N. Lamar St.
Fort Worth, TX 76102

Page 4 of 74

Defendants Names and Addresses

16   Don C. Taylor          Individual and Official Capacity
     100 N. Lamar St.
     Fortworth, Tx 76102

17.  Mr. Felton            Individual and Official Capacity
     100 N. Lamar St.
     Fortworth, Tx 76102

18.  Mr. Gracia            Individual and Official Capacity
     100 N. Lamar St.
     Fort Worth, Tx 76102

19.  Ms. Crisp             Individual and Official Capacity
     100 N. Lamar St.
     Fortworth, Tx 76102

20.  Officer Collier       Individual and Official Capacity
     100 N. Lamar St.
     Fortworth, Tx 76102

Page 5 of 74

Defendants Names and Addresses

21. Mr. Nieuwehuis       Individual and Official Capacity
    100 N. Lamar St.
    Fort Worth, Tx 76102

22. Ms Chandler       Individual and Official Capacity
    100 N. Lamar St.
    Fort worth, Tx 76102

23. James Waggener       Individual and Official Capacity
    100 N. Lamar St.
    Fort Worth, TX 76102

24. Daisy May Jackson       Individual and Official Capacity
    100 N. Lamar St.
    Fort Worth, Tx 76102

25. Nurse Debbie Fanal       Individual and Official Capacity
    100 N. Lamar St.
    Fort Worth, Tx 76102

page 6 of 74

Defendants Names and Addresses

26  Radiologist Curtis          Individual and Official Capacity
    100 N. Lamar St.
    Fortworth, Tx 76102

27. Nurse Jacqueline           Individual and Official Capacity
    100 N. Lamar St.
    Fortworth, Tx 76102

28  Mr. Wilson                 Individual and Official Capacity
    100 N. Lamar St.
    Fortworth, Tx 76102

29  Mr. Cole                   Individual and Official Capacity
    100 N. Lamar St.
    Fortworth, Tx 76102

30. Mr. Derusha                Individual and Official Capacity
    100 N. Lamar St.
    Fortworth, Tx 76102

Page 7 of 74

Defendants Names and Addresses

31. Mr. James Thomas          Individual and Official Capacity
100 N. Lamar St
Fortworth, Tx 76102

32  Mr. Haber          Individual and Official Capacity
100 N. Lamar St.
Fortworth, Tx 76102

33  Mr. Harrison          Individual and Official Capacity
100 N. Lamar St
Fortworth, Tx 76102

Page 8 of 74

I  Previous Lawsuits

1. Approximate date of filing lawsuit: October 11, 2002
2. Parties to Previous lawsuit:
   Plaintiff - Allen F Calton
   Defendants - Tarrant County, Sheriff Dee Anderson, Chief
   Bob Knowles, Lt Christian, Chief Simon, Lt. Johnson, Lt.
   West, M. Reagan, JPS Health Network, Eherlath
   L. Elinjar, Jerry Wimberly, Dr. Felps, Dr. Lowe, Dr.
   Wagner, Dr. Feagin, Danny Shephard, Tracy Corson,
   and Jay M. Alt   Emp # 7389
   3. Court: Northern District of Texas
      Fort Worth Division
   4. Docket Number:   4:02-CV-0845-A
   5. Name of Judge To whom case was Assigned
      John Mc Bride
   6. Disposition: Dismissed for lack of subject matter
   Jurisdiction - Pursuant to 28 USC § 1915 A (b)
   7. Approximate date of disposition: April 15, 2003

I    Previous Lawsuits

1. Approximate date of filing lawsuit: October 11, 2002
2. Parties to Previous Lawsuit
   Plaintiff - Allen F. Calton
   Defendants - City of Garland, Larry Wilson, Lt. K.R. Davis
Lucas Shupe, M.G. Clark, Demarcus Banda, J. Puckett,
1st shift John Doe, 2nd Shift John Doe, 3rd Shift
John Doe.
   3. Court: Northern District Of Texas
      Dallas Division
   4. Docket Number:   3:02-CV-2215-N
      5. Name Of Judge To whom Case Was Assigned:
      David C Godbey
   6. Disposition:  On Appeal
   7. Approximate Date Of Disposition: March 7, 2005

I    Previous Lawsuits

1. Approximate date of filing lawsuit: May 8, 2003
2. Parties to Previous Lawsuit:
   Plaintiff - Allen F. Calton
   Defendants - J.P.S. Health Network, James Waggener,
   Mathew Loewen, Dr. Felps, and Mark Weight
3. Court: 348th Judicial District Court
   Tarrant County, Texas
   401 W. Belknap St.
   Fortworth, Tx 76196
4. Docket Number:  348-198781-03
5. Name of Judge To whom Case was Assigned
   348th Judicial District Judge
6. Disposition: Plaintiff voluntarily Non-Suited the action
7. Approximate Date of Disposition: November 8, 2003

Page 11 of 74

*Allen Calton # 1123880*
*Bill Clements Unit*
*9601 Spur 591*

II.   **PLACE OF PRESENT CONFINEMENT:** ___Amarillo, Tx 79107___

III.  **EXHAUSTION OF GRIEVANCE PROCEDURES:**
Have you exhausted both steps of the grievance procedure in this institution?  1 ✓ YES ___ NO
Attach a copy of the Step 2 grievance with the response supplied by the prison system.

IV.   **PARTIES TO THIS SUIT:**   *Allen Calton # 1123880*
A. Name of address of plaintiff: ___Bill Clements Unit___
___9601 Spur 591___
___Amarillo, Tx 79107___
B. Full name of each defendant, his official position, his place of employment, and his full
<u>mailing</u> address.

Defendant #1: ___See attached Pages___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #2: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V.   **STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it
happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You
need not give any legal arguments or cite any cases of statutes.</u> If you intend to allege a number of
related claims, number and set forth each claim in a separate paragraph. Attach extra pages if neces-
sary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS
RULE, THE COURT MAY STRIKE YOUR COMPLAINT.
___See attached Pages___

☆ATC1983 (Rev. 2/00)

*Page 12 of 74*

IV   Parties To This Suit

Defendant #1                    Individual and Official Capacity

Tarrant County
100 N. Lamar St
Fortworth, Tx 76102

Pursuant to Tarrant County Policy on 2-22-04 medical personnel in J.P.S. Health Network emergency room. Denied the Plaintiff medical attention for his burning eyes and blurred vision. Pursuant to Tarrant County Policy on 2-28-04 Nurse Jacqueline unqualified medical personnel was allowed to make a determination if the Plaintiff needed medical attention for burning eyes causing blurred vision. Pursuant to Tarrant County Policy on 2-28-04 Nurse Debbie Faral unqualified medical personnel was allowed to make a determination. That the Plaintiff did or did not need emergency medical care. Pursuant to Tarrant County Policy from 2-10-04 through 4-1-04. The plaintiff was denied direct access to the Law Library. The denial was due to Tarrant County Policy of Not Allowing Inmates housed on 55A or 56B direct access to the Law Library.

Page 13 of 74

## IV.   Parties To This Suit

Pursuant to Tarrant County Policy from 2-10-04 through 4-1-04. The Plaintiff was placed in 55 A and 56 B Twenty Three (23) hours a day lock down tanks. without being served a disciplinary case, given a disciplinary hearing or any disciplinary hearing finding of guilt at any point while on lock down status for (52) days. Pursuant to Tarrant County Policy from 5-10-04 through 5-20-04. The Plaintiff was forced to wear a shock Belt throughout a criminal Jury Trial.

Defendant #2                Individual and Official Capacity

Dee Anderson                Tarrant County Sheriff
100 N. Lamar St.
Fortworth, Tx 76102

Dee Anderson inherited or established a Policy that allowed Nurse Jacqueline unqualified medical Personnel to make a determination if the Plaintiff needed medical attention for burning eyes causing blurred vision. That allowed Nurse Debbie Faral unqualified medical personnel to make a determination

Page 14 of 74

## IV   Parties To This Suit

That the Plaintiff did or did not need emergency
medical care. For a back injury sustained after a
fall. Dee Anderson inherited or established a policy that
denied the Plaintiff direct access to the Law Library
from 2-10-04 through 4-1-04. Due to Tarrant County
Policy of Not Allowing inmates housed in 5SA or 56B
direct access to the Law Library. Dee Anderson
inherited or established that allowed the Plaintiff to
be housed in 5SA and 56B. Twenty three (23) hours
a day lock down tanks. From 2-10-04 through 4-1-04
without being served a disciplinary hearing finding
of guilt at any point while on lockdown status for
(52) days. Dee Anderson inherited or established a
Policy that required the Plaintiff to be out fitted
with a shock Belt from 5-10-04 through 5-20-04
during a criminal Jury Trial.

Defendant #3

Tarrant County Hospital J.P.S. Health Network
1500 South Main St.
Fort worth , Tx 76104

Page 15 of 74

## IV   Parties To This Suit

Pursuant to J.P.S Health Network Policy emergency room medical personnel were allowed to discontinue emergency medical care and treatment altogether. when the Plaintiff declined a "Spinal Tap" Procedure on 2-22-04. The emergency room medical personnel then denied the Plaintiff treatment for his burning eyes and blurred vision. Pursuant to J.P.S. Health Network Policy Nurse Jacqueline unqualified medical personnel was allowed to make a determination if the Plaintiff needed medical attention for burning eyes causing blurred vision. Pursuant to J.P.S. Health Network Policy Nurse Debbie Faral unqualified medical personnel was allowed to make a determination. That the Plaintiff did or did not need emergency medical care. After a fall injuring his back.

## Defendant # 4

David Cecero            C.E.O. J.P.S. Health Network
1500 South Main St
Fortworth, Tx 76104


Page 16 of 74

## IV  Parties To This Suit

David Cecero established or inherited a policy allowing emergency room medical personel. To discontinue emergency medical care and treatment altogether. When the Plaintiff declined a "Spinal Tap" procedure on 2-22-04. The emergency room medical personel then denied the Plaintiff treatment for his burning eyes and blurred vision. Also established or inherited a policy allowing unqualified medical personel Nurse Jacqueline to make a determination if the Plaintiff needed medical attention for burning eyes causing blurred vision. Also established or inherited a policy allowing unqualified medical personel Nurse Debbie Fanal to make a determination. That the Plaintiff did or did not need emergency medical care after a fall injuring his back.

Defendant #5                Individual and Official Capacity

D.M. Stromile              Chief Deputy Tarrant County
100 N. Lamar St.           Sheriff Department
Fort Worth, TX 76102       Support Services

Page 17 of 74

## IV   Parties To This Suit

Chief Stromile Conspired with Sgt. Eugene Garcia and
Chief Cedric Simon on 2-10-04 in denying the Plaintiff
Access to the Courts and Due Process by moving
Plaintiff to a lock down tank without a discliplanary
case or hearing determining guilt. While on lockdown
status for (52) days. Chief Stromile also failed
after personal conversations, numerous request forms,
and grievances to correct the improper housing.

Defendant #6          Individual and Official Capacity

Cedric Simon          Chief Deputy Tarrant County
100 N. Lamar St.          Sheriff Department
Fort Worth, Tx 76102     Housing

Chief Simon Conspired with Sgt. Eugene Garcia and
Chief Stromile on 2-10-04 in denying the Plaintiff
Access to the Courts and Due Process by moving
Plaintiff to a lockdown tank without a disciplinary
case or hearing determining guilt. While on lock
down status for (52) days. Chief Simon also
failed after personal conversations, numerous request

Page 18 of 74

IV   Parties To This Suit

forms, and grievances to correct the improper housing.

Defendant # 7                    Individual and Official Capacity

Gayle Gray # 2441          Lieutenant Deputy Tarrant County
   100 N. Lamar St.              Sheriff Department
Fort Worth, Tx 76102

Lt. Gray on 2-10-04 made false accusations in a report.
That the Plaintiff had assaulted another inmate. That
resulted in the Plaintiff being moved to a (23)
hour lockdown tank. without a disciplinary case or
disciplinary hearing determining guilt. While on
lockdown status for (52) days.

Defendant #8                    Individual and Official Capacity

Mr. Christian              Lieutenant Deputy Tarrant County
   100 N. Lamar St.              Sheriff Department
FortWorth, Tx 76102       Classification Supervisor

Lt. Christian gave the orders to D. Bailey for Plaintiff's

Page 19 of 74

## IV   Parties To This Suit

Lockdown housing assignment on 2-10-04. That denied the Plaintiff Access To Courts And Due Process by moving the Plaintiff to a Lockdown Tank without a disciplinary case or disciplinary hearing determining guilt while on lockdown status for (52) days.

Defendant #9               Individual and Official Capacity

Eugene L. Garcia          Sergeant Deputy Tarrant County
100 N. Lamar St.           Sheriff Deputy
Fort Worth, Tx 76102

Sgt. Garcia conspired with Chief Simon and Chief Stramile on 2-10-04 in denying the Plaintiff Access to Courts and Due Process By moving Plaintiff to a lockdown tank without a disciplinary case or hearing determining guilt. while on lockdown status for (52) days. Sgt. Garcia also initiated and approved Plaintiff being moved to a lockdown tank on 2-10-04. On 2-11-04 Sgt. Garcia failed to clear up the false assault allegation. After receiving a report from officer W. Jones informing him there was no such assault

IV  Parties To This Suit

or dispute concerning the Plaintiff and another inmate.

Defendant #10          Individual and Official Capacity

Richard Closner #1551       Sergeant Deputy Tarrant County
100 N. Lamar St.            Sheriff Department
Fort Worth, Tx 76102

Richard Closner Conspired with J. Evans in giving
Officer Gracia the orders to Spray the Plaintiff in
the face with Pepper Spray on 2-22-04.

Defendant #11          Individual and Offical Capacity

J. Evans              Sergeant Deputy Tarrant County
100 N. Lamar St.          Sheriff Department
Fort Worth, Tx 76102

J. Evans conspired with Richard Closner in giving
Officer Gracia the orders to Spray the Plaintiff in
the face with Pepper Spray on 2-22-04.

Page 21 of 74

## IV   Parties To This Suit

Defendant #12                    Individual and Official Capacity

Mr. Guadalupe               Corporal Deputy Tarrant County
100 N. Lamar St.                Sheriff Department
Fort Worth, Tx 76102

Cpl. Guadalupe on 2-10-04 Personally escorted after
ordering the Plaintiff to Pack up his property and move
to SS A02. Therefore denying the Plaintiff Access to
Courts And Due Process By moving The Plaintiff to
A Lockdown Tank. without a disciplinary case or
disciplinary hearing determining guilt. while on lockdown
status for (52) days.

Defendant #13                    Individual and Offial Capacity

Carl Garrett                Deputy Tarrant County
100 N. Lamar St.                Sheriff Department
Fort Worth, Tx 76102

Carl Garrett on 2-10-04 made and submitted a report
containing false allegations. That the Plaintiff had

Page 22 of 78

## IV   Parties To This Suit

assaulted another inmate. That resulted in the Plaintiff
being moved to a lockdown tank, without a disciplinary
case or disciplinary hearing determining guilt, while on
lockdown status for (52) days.

Defendant #14                    Individual and Official Capacity

Charlie Akomas #65468        Deputy Tarrant County
100 N. Lamar St.                  Sheriff Department
Fort Worth, Tx 76102

Charlie Akomas on 2-10-04 made and submitted a report
containing false allegations. That the Plaintiff had made
threats that would jeopardize officers and inmates
safety. That resulted in the Plaintiff being moved to
a lockdown tank and placed on assaultive status.
without a disciplinary case or disciplinary hearing
determining guilt. while on lockdown status for (52) days

Page 23 of 74

IV   Parties To This Suit

Defendant #15                    Individual and Official Capacity

D. Bailey                        Deputy Tarrant County
100 N. Lamar St.                 Sheriff Department
Fortworth, Tx 76102              Classification Officer

D. Bailey made the Lock down housing assignment to
55 A02 and 56 B on 2-10-04 for the Plaintiff. without
any disciplinary case or disciplinary hearing determining
guilt. while on lockdown status for (52) days

Defendant #16                    Individual and Official Capacity

Don C. Taylor                    Deputy Tarrant County
100 N. Lamar St.                 Sheriff Department
Fortworth, Tx 76102

On 2-22-04 Don C Taylor Participated with officers and
failed to intervene officers that sprayed the
Plaintiff in the face with Pepper Spray.

Page 24 of 74

IV    Parties To This Suit

Defendant #17                    Individual and Official Capacity

Mr. Felton                    Deputy Tarrant County
100 N. Lamar St.              Sheriff Department
Fort Worth, Tx 76102

On 2-22-04 Mr. Felton participated with officers
and failed to intervene officers that sprayed the
Plaintiff in the face with Pepper Spray.

Defendant #18                    Individual and Official Capacity

Mr. Gracia                    Deputy Tarrant County
100 N. Lamar St.              Sheriff Department
Fort Worth, Tx 76102

On 2-22-04 Officer Gracia Sprayed the Plaintiff
in the face with Pepper Spray.

Page 25 of 74

IV   Parties To This Suit

Defendant #19                    Individual and official Capacity

Ms Crisp                    Deputy Tarrant County
106 N. Lamar St.            Sheriff Department
FortWorth, Tx 76102

On 2-22-04 Ms Crisp participated with officers and
failed to intervene officers that sprayed plaintiff in
the face with Pepper Spray.

Defendant #20                    Individual and Official Capacity

Mr. Collier                    Deputy Tarrant County
100 N. Lamar St            Sheriff Department
FortWorth, Tx 76102

On 2-22-04 Officer Collier made threats of spraying the
Plaintiff with Pepper Spray. Also on 2-22-04 Officer
Collier participated with officers and failed to intervene
officers that sprayed Plaintiff in the face with
Pepper Spray.

## IV   Parties To This Suit

Defendant #21                Individual and Official Capacity

Mr. Nieuwehuis                Deputy Tarrant County
100 N. Lamar St               Sheriff Department
Fort Worth, Tx 76102

On 2-22-04 Mr. Nieuwehuis participated with officers and failed to intervene officers that sprayed Plaintiff in the face with Pepper Spray.

Defendant #22                Individual and Official Capacity

Ms. Chandler                 Deputy Tarrant County
100 N. Lamar St.             Sheriff Department
Fort Worth, Tx 76102

Ms Chandler on 2-28-04 assisted other officers and medical personnel to deny the Plaintiff emergency medical care and treatment. Also assisted in removing by dumping the Plaintiff off a back board without any X-Rays, treatment, or an evaluation by qualified Medical Personnel causing further injuries and pain

Page 27 of 74

IV   Parties To This Suit

Defendant # 23                    Individual and Official Capacity

James Waggener MD.          J.P.S. Health Network -
100 N. Lamar St.                Tarrant County Jail
Fortworth, Tx 76102            Physician

James Waggener on 2-28-04 informed unqualified
medical personnel Debbie Faral over the telephone
to deny the Plaintiff emergency medical care.

Defendant # 24                    Individual and Official Capacity

Daisy May Jackson          J.P.S. Health Network
100 N. Lamar St.                Tarrant County Jail
Fortworth, Tx 76102            Registered Nurse

Ms Jackson on 2-28-04 assisted other officers and
medical personel to deny the Plaintiff emergency medical
care and treatment. Also assisted in removing by
dumping the Plaintiff off a back board without any
X-Rays, treatment, or an evaluation by qualified
medical personnel causing further injuries.

Page 28 of 74

IV  Parties To This Suit

Defendant #25                    Individual and Official Capacity

Debbie Faral                     J.P.S. Health Network
100 N. Lamar St.                 Tarrant County Jail
Fort Worth, TX 76102             Registered Nurse

Debbie Faral on 2-28-04 after speaking with Dr. Waggener
over the telephone. Denied the Plaintiff emergency medical
care. Also assisted in removing by dumping the Plaintiff
off a back board without any x-rays, treatment, or
an evaluation by qualified medical personel causing
further injury and pain.

Defendant #26                    Individual and Official Capacity

Radiologist Curtis               J.P.S. Health Network
100 N. Lamar St.                 Tarrant County Jail
Fort Worth, TX 76102             Radiologist

Radiologist Curtis on 2-28-04 assisted other officers
and medical personel to deny the Plaintiff emergency
medical care. Also assisted in removing by dumping

Page 29 of 74

## II. Parties To This Suit

the Plaintiff off a back board without any X-Rays, treatment, or an evaluation by qualified medical personnel causing further injury and pain.

Defendant #27                    Individual and Official Capacity

Nurse Jacqueline          J.P.S Health Network
100 N. Lamar St.            Tarrant County Jail
Fort Worth, Tx 76102      Registered Nurse

Nurse Jacqueline on 2-28-04 denied the Plaintiff medical attention for his blurred vision and burning eyes, which hours later resulted in the Plaintiffs sustaining a painful back injury.

Defendant #28                    Individual and Official Capacity

Mr. Wilson                  Sergeant Deputy Tarrant County
100 N. Lamar St.            Sheriff Department
Fort Worth, Tx 76102

## IV   Parties To This Suit

Sergeant Wilson on 2-10-04 Personally escorted
after ordering the Plaintiff to Pack up his Property
and Move to SS A02. Therefore denying the
Plaintiff Access To Courts and Due Process
by moving the Plaintiff to a lockdown tank.
Without a disciplinary case or disciplinary hearing
determining guilt. While on lock down status
for (52) days.

Defendant # 29        Individual and Official Capacity

Mr. Cole                    Bailiff Tarrant County
100 N. Lamar St.            Sheriff Department
Fortworth, Tx 76102

From 5-10-04 through 5-20-04 Mr. Cole forced
the Plaintiff to wear a shock Belt throughout
a criminal jury trial. That caused extreme
discomfort

Page 31 of 74

## IV   Parties To This Suit

Defendant #30          Individual and Official Capacity

Mr. Derusha              Bailiff Tarrant County
100 N. Lamar St.         Sheriff Department
Fortworth, Tx 76102

From 5-10-04 through 5-20-04 Mr. Derusha forced
the Plaintiff to wear a shock Belt throughout
a criminal jury trial. That caused extreme
discomfort.

Defendant #31          Individual and Official Capacity

Mr. James Thomas        Bailiff Tarrant County
100 N. Lamar St.        Sheriff Department
Fortworth, Tx 76102

From 5-10-04 through 5-20-04 Mr. Thomas
forced the Plaintiff to wear a shock Belt
throughout a criminal jury trial. That caused
extreme discomfort.

Page 32 of 74

## IV   Parties To This Suit

Defendant #32            Individual and Official Capacity

Mr. Haber                Bailiff Tarrant County
100 N. Lamar St.         Sheriff Department
Fortworth, Tx 76102

From 5-10-04 through 5-20-04 Mr. Haber forced
the Plaintiff to wear a shock Belt throughout
a criminal jury trial. That caused extreme
discomfort.

Defendant #33            Individual and Official Capacity

Corporal Harrison        Corporal Deputy Tarrant County
100 N. Lamar St.         Sheriff Department
FortWorth, Tx 76102

On 2-28-04 Cpl. Harrison ordered the Plaintiff
back to his cell without any assistance from
officers. The Plaintiff had just completed a
visit with a family member and had to be
escorted to the visitation booth with one hand

## IV   Parties To This Suit

On an officers shoulder due to vision impairment
plaintiff tried explaining to Cpl. Harrison that he had
trouble seeing but the Corporal ordered him to his
cell. The Plaintiff complied out of fear due to
the continous bias treatment from deputies The
Plaintiff then tripped over an object in the hallway
sustaining a painful back injury.

page 34 of 74

# V   Statement Of Claim

## (1) Tarrant County

(A) Pursuant to Tarrant County Policy on 2-22-04 medical Personnel in J.P.S. Health Network Emergency Room. Denied the Plaintiff medical Attention for his burning eyes and blurred vision. Which resulted from the Plaintiff being sprayed in the eyes with Capsium Pepper Spray. J.P.S. emergency room officials informed the Plaintiff that if he declined the "Spinal Tap" Procedure he would also be denied treatment for his eye injury pursuant to hospital policy. In spite of the fact that the Plaintiff vision was impaired and the pain from the burning sensation was intense. The pain lasted several days and deprived plaintiff of sleep and confined him to his bed because of vision impairment. While trying to retrieve mail on 2-27-04. Plaintiff tripped over his toilet due to impaired vision and bumped his head which resulted in an epileptic seizure and had to be transported to Harris Hospital emergency room. At which time Plaintiff finally received treatment for his eye injury and had his eyes flushed. Plaintiff was also subsequently prescribed eye drops on 3-4-04 3-23-04, and 5-27-04. The Plaintiff currently experiences occasional blurred vision. Plaintiff also continues to suffer from epileptic seizures and has been prescribed Dilantin an anti-seizure medication

V   Statement Of Claim

Denial of medical care resulted in additional permanent and adverse injuries and was in violation of Plaintiff Right to Due Process.

(B) Pursuant to Tarrant County Policy on 2-27-04 Nurse Jacqueline unqualified medical personnel was allowed to deny the Plaintiff medical attention for his burning eyes and blurred vision. See Exhibit "F" hereto attached and incorporated. In spite of the fact that Plaintiff was in a lot of pain and had to be escorted to her for evaluation while holding onto an officer's shoulder due to his impaired vision. Plaintiff had lost sleep due to the intense pain and was confined to his bed due to vision impairment. Hours later on 2-27-04 after being denied medical care by Nurse Jacqueline Plaintiff tried to retrieve his mail and tripped over his toilet because he did not see it. Plaintiff fell and bumped his head and sustained an epileptic seizure. Was transported by Ambulance to Harris Hospital. Finally receiving eye treatment and had his eyes flushed. Plaintiff was also prescribed eye drops on 3-4-04, 3-24-04, and 5-7-04. The Plaintiff currently experiences occassional blurred vision. Plaintiff also continues to suffer from epileptic seizures and has been prescribed Dilantin an anti-seizure medication. Denial of medical care resulted

Page 36 of 74

## V   Statement Of Claim

in additional permanent and adverse injuries and was in violation of Plaintiff's right to Due Process.

(C.) Pursuant to Tarrant county Policy on 2-28-04 Nurse Debbie Fanal unqualified medical personnel was allowed to deny the Plaintiff emergency medical care for his eye injury and painful back injury sustained after a fall. See Exhibit "D" hereto attached and incorporated. She did so after Speaking with Physician James Waggener over the phone. She then denied the Plaintiff emergency medical care. Inspite of the fact Plaintiff was in severe pain from the eye injury and back injury. Plaintiff was finally seen by an orthopedic doctor (3) days later, who prescribed vicodin for the intense pain from the back injury. Plaintiff was also prescribed eye drops on 3-4-04, 3-24-04, and 5-7-04. Plaintiff was also prescribed Flexeril and motrin while he was in the infirmary for (30) days confined to his bed. Plaintiff's painful injury also required him to use a wheel chair. Due to pain he experienced from attempting to stand or walk. Plaintiff missed meals the three days he was denied medical attention and also missed several other meals while in the infirmary and lost (40) pounds in (30) days due to pain. Plaintiff was also forced to urinate

Page 37 of 74

V     Statement Of Claim

and defecate on himself due to the inability to stand or walk.
Ms. Fonal also assisted in dumping Plaintiff off of the back
board he was placed on after the accident. While being dumped
off of the back board Plaintiff felt a pop and a sharp
pain shoot down his leg. Which requires Plaintiff to
currently take over the counter medication for
pain relief, Plaintiff also currently experiences
occassional blurred vision. Denial of emergency medical
care resulted in additional permanent and adverse
injuries and was in violation of Plaintiff's
Right to Due Process.


(D)) Plaintiff was housed on SSA and S6B from 2-10-04
through 4-1-04. This was pursuant to a Tarrant County
Policy that could house inmates inmates on SSA or S6B
(23) hour a day punitive lockdown tanks in the Tarrant
County Jail. without any type of notice of any


Page 38 of 74

V   Statement Of Claim

type of rule violation, disciplinary case, or disciplinary hearing determining guilt of any rule violation. See Exhibit "B" page 1 and 2 hereto attached and incorporated. Such action was in violation of Plaintiff's Right to Due Process.

(E.) Plaintiff was denied Access To Courts from 2-10-04 through 4-1-04. The denial was due to Plaintiff being housed on 55A and 56B due to false allegations. Inmates housed on 55A or 56B without Due Process of any notice of rule violation, disciplinary case or disciplinary hearing weren't allowed direct access to the Law Library. This was Pursuant to a Tarrant County Policy. See Exhibit" " page 1 and 2 hereto attached and incorporated. Plaintiff attempted to utilize the Law Library cell delivery system but frequently would receive the requested material very late or would not receive it at all. Due to this denial of access to Court. Plaintiff was prejudiced due to having to waive a Speedy Trial Hearing on 2-12-04 and a Suppression Hearing on 2-26-04. At the time. Plaintiff was a prose Defendant and did not have any assistance from an attorney. while representing himself in a criminal

Page 39 of 74

## V   Statement Of Claim

Matter This violated the Plaintiff's Right to Self Representation, Effective Assistance Of Counsel, and Due Process.

(F.) Officers Derusha, Thomas, Cole, and Haber informed the Plaintiff that Pursuant to Tarrant county Policy he would be forced to wear a shock Belt throughout his criminal Jury Trial from 5-10-04 through 5-20-04. Plaintiff repeatedly informed the officers that he would occassionally feel a tingling sensation while he wore the Shock Belt during the trial. The officers insisted the Plaintiff continue wearing the shock Belt but did take photographs of the Plaintiff's body. Plaintiff was prejudiced due to the distractions from the Shock Belt during the trial. Failed to effectively examine witnesses as well as call several supeanaed witnesses to testify to support his automatism defense. Resulting in a life sentence the Plaintiff received in violation of his right to Self Representation, Effective Assistance Of Counsel, and Due Process.

(2.) Dee Anderson

V  Statement Of Claim

(A.) Pursuant to A Policy established or inherited by Dee Anderson. Nurse Jacqueline unqualified medical personnel was allowed to deny the Plaintiff medical attention for his burning eyes and blurred vision. See Exhibit "F" hereto attached and incorporated. In spite of the fact that Plaintiff was in alot of pain and had to be escorted to her for evaluation. While holding onto an Officer's shoulder due to his impaired vision. Plaintiff had lost sleep because of the intense pain and was confined to his bed due to the vision impairment. Hours later on 2-27-04 after being denied medical care by Nurse Jacqueline. Plaintiff tried to retrieve his mail and tripped over his toilet because he did not see it. Plaintiff fell and bumped his head and sustained an epileptic seizure. Was transported by Ambulance to Harris Hospital. Finally receiving eye treatment and had his eyes flushed. Plaintiff was also prescribed eye drops on 3-4-04, 3-23-04, and 5-7-04. The Plaintiff currently experiences occassional blurred vision. Plaintiff also continues to suffer from epileptic seizures and has been prescribed Dilantin an anti-seizure medication. Denial of medical care resulted in additional permanent injuries and was

Ⅴ   Statement Of Claim

in violation of Plaintiff's right to Due Process.

(B.) Pursuant to A Policy Dee Anderson established or inherited. Nurse Debbie Fanal unqualified medical personnel was allowed to deny Plaintiff emergency medical care for his eye injury and painful back injury sustained after a fall. See Exhibit "D" hereto attached and incorporated. She did so after speaking with Physician James Waggener over the telephone. She then denied the Plaintiff emergency medical care. In spite of the fact Plaintiff was in severe pain from the eye injury and back injury. Plaintiff was finally seen by an Orthopedic Doctor (3) days later. who prescribed Vicodin for the intense pain from the back injury. Plaintiff was also prescribed eye drops on 3-4-04, 3-23-04, and 5-7-04. Plaintiff was also prescribed Flexeril and Motrin while he was in the infirmary for (30) days confined to his bed. Plaintiff's painful injury also required him to use a wheel chair. Due to the pain he experienced from attempting to stand or walk. Plaintiff missed meals because he could not get up the three days he was denied medical care. Plaintiff missed several other meals because of the pain. While in the infirmary for (30) days and lost (40) pounds. Plaintiff was also forced to urinate and defecate on himself due to the inability to

Page 42 of 74

## V. Statement Of Claim

Stand or walk. ms Fanal also assisted in dumping the plaintiff off of the back board he was placed on after the accident. while being dumped off of the back board Plaintiff felt a pop and sharp pain shoot down his leg. which requires plaintiff to currently take over the counter medication for pain relief. Plaintiff also currently experiences occasional blurred vision. Denial of emergency medical care resulted in additional permanent and adverse injuries and was in violation of Plaintiff's right to Due Process.

(C.) Plaintiff was housed on S5A and S6B from 2-10-04 through 4-1-04. Pursuant to a policy Dee Anderson established or inherited that allowed inmates to be housed on S5A or S6B (23) hour a day punitive lock down tanks in the Tarrant County Jail. without any type of notice of any type of rule violation, disciplinary case, or disciplinary hearing determining guilt of any rule violation. See Exhibit "B" page 1 and 2 hereto attached and incorporated. Such action was in violation to Plaintiff's right to Due Process.

(D.) Plaintiff was denied Access To Courts from

Page 43 of 74

## V    Statement Of Claim

2-10-04 through 4-1-04. The denial was due to the Plaintiff
being housed on 55 A and 56 B due to false allegations.
Inmates housed on 55 A or 56 B without due process of
any notice of rule violation, disciplinary, or disciplinary hearing.
weren't allowed direct access to the Law Library.
This was pursuant to a Policy established or inherited
by Dee Anderson. See Exhibit "B" page 1 and 2 hereto
attached and incorporated. Plaintiff attempted to utilize
the Law Library Cell delivery system but frequently
would receive the requested material very late or
would not receive it at all. Due to this denial of access
to court. Plaintiff was prejudiced due to having to waive
a speedy Trial Hearing on 2-12-04 and a Suppression
Hearing on 2-26-04. At the time Plaintiff was a ProSe
defendant and did not have any assistance from an
attorney. while representing himself in a criminal matter.
This violated the Plaintiff's Right to Self Representation,
Effective Assistance Of Counsel, and Due Process.

(E) Officers Derusha, Thomas, Cole, and Haber informed
the Plaintiff that pursuant to a Policy established or
inherited by Dee Anderson he would be forced to wear

Page 44 of 74

## V   Statement Of Claim

a Shock Belt throughout his Criminal Jury Trial from
5-10-04 through 5-20-04. Plaintiff repeatedly informed
the officers that he would occassionally feel a tingling
sensation. While he wore the Shock Belt during the
trial. The officers insisted the Plaintiff continue
wearing the Shock Belt but did take photographs
of the Plaintiff's body. Plaintiff was prejudiced due to
the distractions from the Shock Belt during the trial.
Failed to effectively examine witnesses as well as call
several subpoenaed witnesses to testify to support
his automatism defense. Resulting in a life sentence
the Plaintiff received in violation of his right to Self
Representation, Effective Assistance of Counsel, and Due Process.

(3.) Tarrant County Hospital J. P. S. Health Network

(A.) Pursuant to Tarrant County Hospital J.P.S. Health Network
on 2-22-04 medical Personnel in J.P.S Health Network
Emergency Room. Denied the Plaintiff medical Attention for
his burning eyes and blurred vision. Which resulted
from the Plaintiff being Sprayed in the eyes with Capsium
Pepper Spray. J. P. S. emergency room officials informed

Page 45 of 74

## V  Statement Of Claim

the Plaintiff that if he declined the "Spinal Tap" Procedure he would also be denied treatment for his eye injury pursuant to hospital policy. In spite of the fact that the Plaintiff vision was impaired and the pain from the burning sensation was intense. The pain lasted several days and deprived plaintiff of sleep and confined him to his bed because of vision impairment. while trying to retrieve mail on 2-27-04. Plaintiff tripped over his toilet due to impaired vision and bumped his head which resulted in an epileptic seizure and had to be transported to Harris Hospital Emergency Room. At which time  Plaintiff finally received treatment for his eye injury and had his eyes flushed. Plaintiff was also subsequently prescribed eye drops on 3-4-04, 3-23-04, and 5-7-04. The Plaintiff currently experiences occasional blurred vision. Plaintiff also continues to suffer from epileptic seizures and has been prescribed Dilantin an anti-seizure medication. Denial of medical care resulted in additional permanent and adverse injuries and was in violation of Plaintiff right to  Due  Process.

(B)  Pursuant to Tarrant County Hospital J.P.S. Health Network on 2-27-04. Nurse Jacqueline unqualified medical personel was allowed to deny the Plaintiff medical attention for his burning eyes and blurred vision. See Exhibit "F" hereto

Page 46 of 74

## V   Statement Of Claim

attached and incorporated. In spite of the fact that Plaintiff
was in alot of pain and had to be escorted to her for
evaluation. while holding onto an officers shoulder due to
his impaired vision. Plaintiff had lost sleep due to the intense
pain and was confined to his bed due to vision impairment. Hours
later on 2-27-04 after being denied medical care by Nurse Jacqueline
Plaintiff tried to retrieve his mail and tripped over his toilet
because he did not see it. Plaintiff fell and bumped his head
and sustained an epileptic seizure. Was transported by Ambulance
to Harris Hospital. Finally receiving eye treatment and
had his eyes flushed. Plaintiff was also prescribed
eyes drops on 3-4-04, 3-24-04, and 5-7-04. The Plaintiff
currently experiences occassional blurred vision. Plaintiff
also continues to suffer from epileptic seizures and has
been prescribed Dilantin an anti-seizure medication.
Denial of medical care resulted in additional permanent
and adverse injuries and was violation of Plaintiffs
right to Due Process.

(C.) Pursuant to Tarrant County Hospital J.P.S. Health Network
on 2-28-04, Nurse Debbie Foral unqualified medical personnel

Page 47 of 74

## V   Statement Of Claim

Was allowed to deny the Plaintiff emergency medical care for his eye injury and painful back injury sustained after a fall. See Exhibit "D" hereto attached and incorporated. She did so after speaking with Physician James Waggener over the telephone she then denied the Plaintiff emergency medical care. In spite of the fact Plaintiff was in severe pain from the eye injury and back injury. Plaintiff was finally seen by an orthopedic Doctor (3) days later. Who prescribed Vicodin for the intense pain from the back injury. Plaintiff was also prescribed eye drops on 3-4-04, 3-24-04, and 5-7-04. Plaintiff was also prescribed Flexeril and Motrin. While he was in the infirmary for (30) days confined to his bed. Plaintiff's painful injury also required him to use a wheel chair. Due to pain he experienced from attempting to stand or walk. Plaintiff missed meals the three days he was denied medical attention and also missed several other meals while in the infirmary and lost (40) pounds in (30) days due to pain. Plaintiff was also forced to urinate and defecate on himself due to the inability to stand or walk. Ms Faral also assisted in dumping Plaintiff off of the back board he was placed on after the accident. While being dumped off of the back board Plaintiff felt a pop and a sharp pain shoot down his leg. Which requires Plaintiff to

## V   Statement Of Claim

currently take over the counter medication for pain relief.
Plaintiff also currently experiences occasional blurred
vision. Denial of emergency medical care resulted in
additional permanent and adverse injuries and was in
violation of Plaintiff's Right to Due Process.

(4.) Pursuant to a Policy established or inherited by David Cecero
medical Personnel in the J.P.S Health Network Emergency Room
Denied the Plaintiff medical care on 2-22-04 for burning eyes and
blurred vision. which resulted from the Plaintiff being Sprayed in
the eyes with Capsium Pepper Spray. J.P.S. emergency room officials informed
the Plaintiff that if he declined the "Spinal Tap" Procedure he
would also be denied treatment for his eye injury pursuant to
hospital policy. In spite of the fact that the Plaintiff vision was
impaired and the pain from the burning sensation was intense. The
pain lasted several days and deprived Plaintiff of sleep and confined him
to his bed because of vision impairment. while trying to retrieve
mail on 2-27-04. Plaintiff tripped over his toilet due to impaired
vision and bumped his head which resulted in epileptic seizure
and had to be transported to Harris Hospital Emergency Room. At
which time Plaintiff finally received treatment for his eye injury
and had his eyes flushed. Plaintiff was also subsequently

Page 49 of 74

V   Statement Of Claim

prescribed eye drops on 3-4-04, 3-23-04, and 5-7-04. The Plaintiff currently experiences occassional blurred vision. Plaintiff also continues to suffer from epileptic seizures and has been prescribed Dilantin an anti-seizure medication. Denial of medical care resulted in additional permanent and adverse injuries and was in violation of Plaintiff right to Due Process.

(B.) Pursuant to a Policy established or inherited by David Cecero. Nurse Jacqueline unqualified medical personnel was allowed to deny the Plaintiff medical attention for his burning eyes and blurred vision. See Exhibit "F" hereto attached and incorporated. In spite of the fact that Plaintiff was in a lot of pain and had to be escorted to her for evaluation. While holding onto an officers shoulder due to his impaired vision. Plaintiff had lost sleep due to the intense pain and was confined to his bed due to vision impairment. Hours later on 2-27-04 after being denied medical care by Nurse Jacqueline. Plaintiff tried to retrieve his mail and tripped over his toilet because he did not see it. Plaintiff fell and bumped his head and sustained an epileptic seizure. Was transported by ambulance to Harris Hospital. Finally receiving eye treatment and had his eyes flushed. Plaintiff was also

Page 50 of 74

## V   Statement Of Claim

prescribed eye drops on 3-1-04, 3-24-04, and 5-7-04. The Plaintiff currently experience occasional blurred vision. Plaintiff also continues to suffer from epileptic seizures and has been prescribed Dilantin an anti-seizure medication. Denial of medical care resulted in additional permanent and adverse injuries and was in violation of Plaintiff's right to Due Process.

(C.) Pursuant to a policy established or inherited by David Cecero. Nurse Debbie Fanal unqualified medical personnel was allowed To deny Plaintiff emergency medical care for his eye injury and painful back injury sustained after a fall. See Exhibit "D" hereto attached and incorporated She did so after speaking with Physician James Waggener over the telephone. She then denied the Plaintiff emergency medical care. In spite of the fact Plaintiff was in severe pain from the eye injury and back injury. Plaintiff was finally seen by an orthopedic doctor (3) days later, who prescribed Vicodin for the intense pain from the back injury. Plaintiff who also prescribed Flexeril and motrin. while he was in the infirmary for (30) days. Confined to his bed. Plaintiffs' painful injury also required him to use a wheel chair.

## V   Statement Of Claim

Due to the pain he experienced from attempting to stand
or walk. Plaintiff missed meals because he could not
get up the three days he was denied medical care. Plaintiff
missed several other meals because of the pain while in
the infirmary for (30) days and lost (40) pounds. Plaintiff
was also forced to urinate and defecate on himself due
to the inability to stand or walk. Ms Fand also assisted
in dumping the Plaintiff off of the back board he was placed
on after the accident. While being dumped off of the
back board Plaintiff felt a pop and sharp pain shoot down
his leg. Which requires Plaintiff to currently take over
the counter medication for pain relief. Plaintiff also
currently experiences occassional blured vision. Denial of
emergency medical care resulted in additional permanent
and adverse injuries and was in violation of Plaintiff's
right to Due Process

## (5) D. M. Stromile

Mr. Stromile Conspired with Mr. Gracia and Mr. Simon on 2-10-04
in denying the Plaintiff Access to the Courts, Self Representation,
effective assistance of Counsel and Due Process. By moving the

Page 52 of 74

## V. Statement Of Claim

Plaintiff to a lock down tank without a disciplinary case or hearing determining guilt. While on lockdown status for (52) days. All three officers had a conversation concerning Plaintiff's previous lawsuit against the County and his desire to file a new lawsuit against Tarrant County. Mr. Stromile also failed after personal conversations, numerous request forms, and grievances to correct the improper housing. That denied the Plaintiff direct access to the Law Library.

((6) Cedric Simon

Mr. Simon Conspired with Sgt. Garcia and Mr. Stromile on 2-10-04 in denying the Plaintiff Access to the Courts, Self Representation, effective assistance of Counsel and Due Process. By moving the Plaintiff to a lockdown tank without a disciplinary case or hearing determining guilt. While on lockdown status for (52) days. All three officers had a conversation concerning Plaintiff's previous lawsuit against the County and his desire to file a new lawsuit against Tarrant County. Mr. Simon also failed after personal conversations, numerous request forms, and grievances to correct the improper housing. That denied the Plaintiff direct access to the Law Library.

V. Statement Of Claim

(7) Gayle Gray

Lt. Gray on 2-10-04 made false accusations in a report.
That the Plaintiff had assaulted another inmate. That resulted
in the Plaintiff being moved to a (23) hour lockdown tank.
without a disciplinary case or disciplinary hearing determining
guilt while on lockdown Status for (52) days which denied
the Plaintiff direct access to the Law Library. In
violation of Plaintiff's Right to Access To Courts, Self
Representation, effective assistance of counsel, and Due Process.

(8) Lieutenant Christian

Lt. Christian gave the orders to D. Bailey for Plaintiff's Lockdown
housing assignment on 2-10-04. The move was to a (23) hour
lockdown tank without a disciplinary case or disciplinary
hearing determining guilt while on lockdown status for (52)
days. Which denied the Plaintiff direct access to the Law
Library. In violation of Plaintiff's right to Access to
Courts, Self Representation, effective assistance of counsel,
and Due Process.

V  Statement Of Claim

(9.) Eugene L. Garcia

Mr. Garcia conspired with Mr. Simon and Mr. Stromile on 2-10-04 in denying the Plaintiff Access To Courts, Self Representation, effective assistance of Counsel, and Due Process. By moving the Plaintiff to a lockdown tank without a disciplinary case or hearing determining guilt. While on lockdown status for (52) days. All three officers had a conversation concerning Plaintiff's previous Lawsuit against the County and his desire to file a new lawsuit against the county. Mr. Garcia also failed to clear up the false assault allegation that resulted in the improper punitive housing assignment even after receiving a report from officer W. Jones on 2-11-04. Informing him that there was no assault committed by Plaintiff. The lockdown housing assignment denied the Plaintiff direct access to the Law Library. In violation of Plaintiff's right to Access To Courts, Self Representation, effective assistance of counsel, and Due Process.

(10.) Richard Closner #1551

Mr. Closner Conspired with Mr. J. Evans in giving

Page 55 of 74

## V   Statement Of Claim

Officer Gracia the orders to spray the Plaintiff in the face
with Capsium Pepper Gas on 2-22-04. The two supervisory
officials spoke briefly with all the officers before the Plaintiff
was sprayed in the face. while standing in his cell in the Tarrant
County Jail. In violation of Plaintiff's Right to Due Process.

## (11.) J. Evans

Mr. Evans conspired with Mr. Closner in giving officer
Gracia the orders to spray the Plaintiff in the face with
Capsium Pepper Gas on 2-22-04. The two supervisory
officials spoke briefly with all the officers before the
Plaintiff was sprayed in the face. While Plaintiff was
standing in his cell in the Tarrant County Jail. In
violation of Plaintiff's Right to Due Process.

## (12) Mr. Guadulupe

Mr. Guadulupe on 2-10-04 personally escorted after ordering
the Plaintiff to pack up his property and move to 5S A O2
A (23) hour a day punitive lockdown tank. without a

Page 56 of 74

V    Statement Of Claim

disciplinary case or hearing determining guilt. The lockdown housing
assignment denies the Plaintiff direct access to the Law Library.
In Violation of Plaintiff's right to Access to Court, Self
Representation, effective assistance of counsel, and Due Process.

(13.) Carl Garrett

   Mr. Garrett on 2-10-04 made and submitted a report containing
false allegations. That the Plaintiff had assaulted another inmate. Due
to the false allegations contained in the report the Plaintiff
was moved to a (23) hour a day punitive lock-down tank in the
Tarrant County Jail. without a disciplinary case or hearing
determining guilt. While on lockdown status for (52) days. which
denied the Plaintiff direct access to the Law Library. In
Violation of Plaintiff's right to Access to court, Self
Representation, effective assistance of counsel, and Due Process

(14.) Charlie Akomas #65468

   Mr. Akomas on 2-10-04 made and submitted a report containing
false allegations. That the Plaintiff made threats that would
jeopardize officers and inmates safety. Due to the false

Page 57 of 74

## V  Statement Of Claim

allegations contained in the report the Plaintiff was moved to
a (23) hour a day punitive lockdown tank in the Tarrant County
Jail. Without a disciplinary case or hearing determining guilt.
while on lockdown status for (52) days. Which denied the
Plaintiff direct access to the Law Library. In violation of
Plaintiff's right to Access to Court, Self Representation,
effective assistance of counsel, and Due Process.

(15.) D. Bailey

D. Bailey made the housing assignment on 2-10-04. The move was
to a (23) hour lock down tank in the Tarrant County Jail.
without a disciplinary case or hearing determining guilt. While
on lockdown status for (52) days. Which denied the Plaintiff
direct access to the Law Library. In violation of Plaintiff's
right to Access to Court, Self Representation, effective assistance
of counsel and Due Process.

(16) Don C. Taylor

On 2-22-04 Mr. Taylor participated with officers who pepper
sprayed the Plaintiff. While the Plaintiff was standing in his

## V  Statement Of Claim

his cell in the Tarrant County Jail. Mr. Taylor also failed to prevent or intervene the Plaintiff from being sprayed in the eyes with Capsium Pepper Gas. In Violation of Plaintiff's Due Process Rights.

(17.) Mr. Felton

On 2-22-04 mr. Felton participated with officers who pepper sprayed the Plaintiff, while the Plaintiff was standing in his cell in the Tarrant County Jail. Mr. Felton also failed to prevent or intervene the Plaintiff from being sprayed in the eyes with Capsium Pepper Gas. In Violation Of Plaintiff's Due Process Rights.

(18) Mr Gracia

On 2-22-04 mr. Gracia Pepper sprayed the Plaintiff in the eyes. While the Plaintiff was standing in his cell. In Violation of Plaintiff's Due Process Rights

(19.) Mr Crisp

## V   Statement Of Claim

On 2-22-04 Ms Crisp participated with officers who pepper sprayed the Plaintiff while the Plaintiff was standing in his cell in the Tarrant County Jail. Ms Crisp also failed to prevent or intervene the Plaintiff from being Sprayed in the eyes with Capsium Pepper Gas. In Violation of Plaintiff's Due Process Rights.

### (20)  Mr. Collier

On 2-22-04 Mr. Collier participated with officers who pepper sprayed the Plaintiff while the Plaintiff was standing in his cell in the Tarrant County Jail. Mr. Collier also failed to prevent or intervene the Plaintiff from being Sprayed in the eyes with Capsium Pepper Gas. In Violation of Plaintiff's Due Process Rights.

### (21)  Mr. Nieuwehuis

On 2-22-04 Mr. Nieuwehuis participated with officers who pepper sprayed the Plaintiff while the Plaintiff was standing in his cell in the Tarrant County Jail. Mr. Nieuwehuis also failed to prevent or intervene the Plaintiff from being

Page 60 of 74

VI   Statement Of Claim

Sprayed in the eyes with Capsium Pepper Gas. In
Violation of Plaintiff's Due Process Rights.

(22)   Ms Chandler

In the Tarrant County Jail on 2-28-04 Ms Chandler assisted
other officers and medical personel to deny the Plantiff emergency
medical care and treatment. Also assisted in removing by
dumping the Plaintiff off of a back board without any
X-Rays, treatment, or an evaluation by qualified medical
personnel causing further injuries and pain. In Violation
of Plaintiff's Right to Due Process.

(23)   James Waggener

Dr. Waggener on 2-28-04 informed unqualified medical
personnel Debbie Fanal to deny the Plaintiff emergency medical
care. For a back injury and leg injury sustained after a fall in
the Tarrant County Jail. Dr. Waggener informed Ms Fanal over
the telephone that the Plaintiff did not need emergency medical
care. In violation of Plaintiff's Right to Due Process

Page 61 of 74

V   Statement Of Claim

(24) Daisy May Jackson

In The Tarrant County Jail on 2-28-04 Ms Jackson assisted other officers and medical personel to deny the Plaintiff emergency medical care and treatment. Also assisted in removing by dumping the Plaintiff off of a back board without any X-Rays, treatment, or an evaluation by qualified medical Personel causing further injuries and pain. In violation of Plaintiff's Right to Due Process.

(25) Debbie Fanal

On 2-28-04 in the Tarrant County Jail Ms Fanal unqualified medical personel denied the Plaintiff emergency medical care for his eye injury and painful back injury sustained after a fall. She did so after speaking with Dr. Waggoner over the telephone. She then denied the Plaintiff emergency medical care In spite of the fact Plaintiff was in severe pain from the eye injury and back injury. Plaintiff was finally seen by an Orthopedic doctor (3) days later. Who prescribed Vicodin for the intense pain from the back injury. Plaintiff was also prescribed eye drops on 3-4-04, 3-23-04, and 5-7-04.

Page 62 of 74

## V   Statement Of Claim

Plaintiff was also prescribed Flexeril and Motrin while he was in the infirmary for (30) days confined to his bed. Plaintiff's painful injury also required him to use a wheel chair. Due to pain he experienced from attempting to stand or walk. Plaintiff missed meals the three days he was denied medical attention and also missed several meals while in the infirmary and lost (40) pounds in (30) days due to pain. Plaintiff was also forced to urinate and defecate on himself due to the inability to stand or walk. Ms Faral also assisted in dumping Plaintiff off of the back board he was placed on after the accident. While being dumped off of the back board Plaintiff felt a pop and a sharp pain shoot down his leg. Which requires Plaintiff to currently take over the counter medication for pain relief. Plaintiff also currently experiences occassional blurred vision. Denial of emergency medical care resulted in additional permanent and adverse injuries and was in violation of Plaintiff's Right to Due Process

(26.) Radiologist Curtis

In the Tarrant County Jail on 2-28-04 Radiologist Curtis assisted other officers and medical personnel to deny the Plaintiff emergency

Page 63 of 74

## V  Statement Of Claim

medical care and treatment. Also assisted in removing by dumping the Plaintiff off of a back board without any X-Rays, treatment, or an evaluation by qualified medical personnel causing further injuries and pain. In violation of Plaintiff's Right to Due Process.

## (27.) Nurse Jacqueline

On 2-27-04 in the Tarrant County Jail Nurse Jacqueline unqualified medical personnel denied the Plaintiff medical attention for his burning eyes and blurred vision. In spite of the fact Plaintiff was in alot of pain and had to be escorted to her for evaluation. While holding on to an officers shoulder due to his impared vision. Plaintiff had lost sleep due to the intese pain and was confined to his bed due to vision impairment. Hours later on 2-27-04 after being denied medical care by Nurse Jacqueline Plaintiff tried to retrieve his mail and tripped over his toilet because he did not see it. Plaintiff fell and bumped his head and sustained an epileptic seizure. Was transported by Ambulance to Harris Hospital. Finally receiving eye treatment and had his eyes flushed. Plaintiff was also prescribed eye drops on 3-4-04,

V   Statement Of Claim

3-24-04, and 5-7-04. The Plaintiff Currently experiences occassional blurred vision. Plaintiff also continues to suffer from epileptic seizures and has been prescribed Dilantin an anti-seizure medication. Denial of medical care resulted in additional permanent and adverse injuries and was in violation of Plaintiff's right to Due Process.

(28) Mr. Wilson

Mr. Wilson on 2-10-04 personally escorted after ordering the Plaintiff to pack up his property and move to SS A02 A (23) hour a day punitive lock down tank. without a disciplinary case or hearing determining guilt. The lockdown housing assignment denied the Plaintiff direct access to the law Library. In violation of Plaintiff's right to Access To Courts, Self Representation, effective assistance of Counsel, and Due Process.

(29) Mr. Cole

On 5-10-04 through 5-20-04 in the 213Th Judicial Court in Tarrant County, Texas. Mr. Cole forced the Plaintiff to wear a shock belt throughout a criminal

V   Statement Of Claim

Jury Trial. In spite of the fact that Plaintiff had made
complaints to mr. Cole about a tingling sensation that occurred
occasionally while the Plaintiff wore the shock belt. The
shock belt was a distraction to the Plaintiff and prejudiced
the Plaintiff's defense resulting in the Plainting receiving
a life sentence. Due to the fact the Plaintiff was a
Pro se Defendant without any assistance from an attorney at
anytime during the trial. Due to the distracting shock
belt Plaintiff failed to effectively direct examine and cross
examine witnesses. Plaintiff also failed to call supenaed
witnesses to support his defense. Forcing the Plaintiff to
wear a malfunctioning shock belt was in violation of
Plaintiff's Right to Due Process, effective assistance of
counsel, Self Representation and Access To Courts.

(30) Mr. Derusha

On 5-10-04 through 5-20-04 in the 213th Judicial Court
in Tarrant County, Texas. Mr. Derusha forced the Plaintiff to
wear a shock belt throughout a criminal Jury Trial. In spite
of the fact that Plaintiff had made complaints to mr. Derusha
about a tingling sensation that occurred occasionally while

## V Statement Of Claim

the Plaintiff wore the shock belt. The shock belt was a distraction to the Plaintiff and prejudiced the Plaintiff defense resulting in Plaintiff receiving a life sentence. Due to the fact the plaintiff was a Prose Defendant without any assistance from an attorney at anytime during the trial. Due to the distracting Shock belt Plaintiff failed to effectively direct examine and cross examine witnesses. Plaintiff also failed to call supoenaed witnesses to support his defense. Forcing the Plaintiff to wear a malfunctioning shock belt was in Violation of Plaintiff's Right to Due Process, effective assistance of counsel, Self Representation, and Access To Court.

(31) Mr. James Thomas

On 5-10-04 through 5-20-04 in the 213th Judicial Court in Tarrant County, Texas, Mr. Thomas forced the Plaintiff to wear a shock belt throughout a criminal Jury Trial. Inspite of the fact that Plaintiff had made complaints to Mr. Thomas about a tingling sensation that occurred occassionally while the Plaintiff wore the Shock belt. The Shock belt was a distraction to the Plaintiff and prejudiced the Plaintiff defense resulting in Plaintiff receiving a life sentence. Due to the fact the Plaintiff

Page 67 of 74

## V   Statement Of Claim

was a Prose Defendant without any assistance from an attorney at anytime during the trial. Due to the distracting shock belt Plaintiff failed to effectively direct examine and cross examine witnesses. Plaintiff also failed to call supoenaed witnesses to support his defense. Forcing the Plaintiff to wear a malfunctioning shock belt was in violation of Plaintiff's Right to Due Process, effective assistance of counsel, self Representation, and Access To Court.

### (32) Mr. Haber

On 5-10-04 through 5-20-04 in the 213Th Judicial Court in Tarrant County, Texas, Mr. Haber forced the Plaintiff to wear a shock belt throughout a criminal Jury Trial. In spite of the fact that Plaintiff had made complaints to Mr. Haber about a tingling sensation that occurred occassionally while the Plaintiff wore the shock belt. The shock belt was a distraction to the Plaintiff and prejudiced the Plaintiff defense resulting in Plaintiff receiving a life sentence. Due to the fact the Plaintiff was a Prose Defendant without any assistance from an attorney at anytime during the trial. Due to the distracting shock belt Plaintiff failed to effectively direct examine and cross examine

## V   Statement Of Claim

witnesses. Plaintiff also failed to call subpoened witnesses to support his defense. Forcing the Plaintiff to wear a malfunctioning Shock belt was in violation of Plaintiff's Right to Due Process, effective assistance of counsel, Self Representation, and Access To Court.

### (33.) Mr. Harrison

On 2-28-04 in the Tarrant County Jail Corporal Harrison ordered the Plaintiff back to his cell from the visitation booth. At the time the Plaintiff had impaired vision due to being sprayed in the eyes with Capsium Pepper Gas (6) days earlier. The Plaintiff had to be escorted to the visitation booth by holding on to an officers shoulder. Plaintiff complied with the order given by Corporal Harrison out of fear in spite of the fact of his inability to see. Plaintiff then subsequently tripped over an object on his way back to his cell and injured his back and leg. The order was in violation to Plaintiff's right to Due Process.

Page 69 of 74

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

## VI.   RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

See attached Pages

## VII.   BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases:

Allen Fitzgerald Calton                    Allen Fitzgerald Calton

B.  List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.

420380 TDCJ      484586 TDCJ           1123880 TDCJ

## VII.   SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed?

___ YES  ✓ NO

B.  If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give district and division): _____
2.  Case Number:  _____
3.  Approximate date sanctions were imposed:  _____
4.  Have the sanctions been lifted or otherwise satisfied?  ___ YES ___ NO

C.  Has any court ever warned or notified you that sanctions could be imposed?  ___ YES ✓ NO

D.  If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer

VI  Relief

(A) Award Compensatory Damages in the following Amounts

1. $ 1,000,000 against Defendant Tarrant County

2. $ 1,000,000 against Defendant Dee Anderson

3. $ 1,000,000 against Defendant Tarrant County Hospital J.P.S. Health Network

4. $ 1,000,000 against Defendant David Cerona

5. $ 500,000 against each of the following defendants D.M. Stramle, Cedric Simon, Eugene Garcia, Gayle Gray, Lieutenant Christian, Richard Closner, J. Evans, Mr. Guadalupe, Carl Garrett, Charlie Akomas, D Bailey, Don C. Taylor, Mr. Felton, Mr. Gracia, Ms Crisp, Mr. Collier, Mr. Nieuwehuis, Ms Chandler, James Waggoner, Daisy May Jackson, Nurse Debbie Fanal, Radiologist Curtis, Nurse Jacqueline, Mr. Wilson, Mr. Cole, Mr. Derusha, Mr. James Thomas, Mr. Haber, and Mr. Harrison

Page 71 of 74

## VI Relief

(B) Award Punitive Damages in the following Amounts

1. $ 250,000 against Defendant Tarrant County

2. $ 250,000 against Defendant Dee Anderson

3. $ 250,000 against Defendant Tarrant County Hospital J.P.S. Health Network

4. $ 250,000 against Defendant David Cecero

5. $ 50,000 against each of the following defendants D.M. Stromile, Cedric Simon, Eugene Garcia, Gayle Gray, Lieutenant Christian, Richard Closner, J. Evans, Mr. Guadalupe, Carl Garrett, Charlie Atomas, D. Bailey, Don C. Taylor, Mr. Felton, Mc. Gracia, Ms Crisp, Mr. Collier, Mr. Nieuwehuis, Ms Chandler, James Waggoner, Daisy May Jackson, Nurse Debbie Fanal, Radiologist Curtis, Nurse Jacqueline, Mr. Wilson, Mr. Cole, Mr. Derusha, Mr. James Thomas, Mr. Haber, and Mr. Harrison

Page 72 of 74

the same questions):

1. Court that imposed warning (if federal, give the district and division): _____

2. Case number: _____

3. Approximate date warnings were imposed: _____

Executed on: _Ocober 28, 2005_          _Allen Calton_____
          DATE                          _allen Calton_____
                                             (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $250 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this ___28 Th___ day of __October__ , 20 _05_ .
           (Day)                 (Month)          (Year)

                                  _Allen Calton_____
                                  _allen Calton_____
                                     (Signature of Plaintiff)

**WARNING:** The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.

Page 73 of 74

Jurisdiction

1. The Court has jurisdiction over the Plaintiff's Claim of violation of Federal Constitutional Rights Under 42 U.S.C § 1331 (a), 1342, and 28 U.S.C. § 1343 (3)

Certificate Of Service

I hereby certify that a true and correct original and one copy of this complaint was certified mail return receipt requested to the United States District Court Clerk Fort Worth Division on October 28, 2005 CMRRR 7003 2260 0006 7073 6759.

Allen Calton

Page 74 of 74

David Cecero, CEO.                    April 13, 2004
1500 South Main St.
Fortworth, Tx 76104

   Mr. Cecero,

   I am filing this letter as a formal complaint or
grievance for being denied medical attention on
February 22, 2004. I refused to have a
Spinal Tap Procedure and was then subsequently
denied medical attention for burning eyes due
to being sprayed in the eyes with pepper
spray gas. My eyes were burning and my
vision was blurred. When I was denied
medical attention and discharged from the
Emergency Room. I had to have my eyes
flushed at Harris Methodist Hospital on
February 27, 2004. While receiving emergency
room treatment. A response to this complaint
would be appreciated at the address below.

                          Thank You,

                          Allen Calton

   This complaint was certified mail return receipt requested to
the above party CMRRR #7002 2030 0003 4875 6838


   Allen F Calton #1123880
   100 N. Lamar St.
   Fort Worth, Tx 76102



              Exhibit "A"

# TARRANT COUNTY SHERIFF'S OFFICE
## CONFINEMENT BUREAU ADMINISTRATION



Reference: Inmate Alan Calton

Date: March 16, 2004

The Grievance Appeal Board met on March 15, 2004. Your original grievances, written appeals, and all applicable reports were reviewed. You brought forth [8] separate issues. The Board will address each referencing the original grievance number.

In reference to grievance # 1026, whereby you stated that you were unaware of how to pursue charges against numerous Sheriff's Office personnel for various reasons, you may direct your correspondence to the Tarrant County District Attorney's Office. The Internal Affairs Division of the Tarrant County Sheriff's Office has been contacted by Captain A. Ferrell and requested that you be contacted.

In reference to grievance # 1026 [2] whereby you alleged that you were inappropriately housed, denied gym time, denied single cell occupancy, and not allowed to physically go to the Law Library, the Board finds that you were housed in 56 B based on instruction by Sergeant E. Garcia. Witnesses, and Officer reports corroborate that you struck another inmate on February 10, 2004.

In response to allegations that you attended gym [1] time in eleven days, activity logs for pod 56 B from the timeframe of February 11, 2004, to the date of your Grievance indicate that you were out for rotation multiple times, but there were no specific annotation for gym time. Corrective action has been taken to ensure the pod officer specifically annotates gym time, rotation time, and any refusals to accept such time on daily activity logs.

In response to you not being able to physically go to the Law Library, the Board finds that per current policy, assaultive inmates are not allowed to visit the Law Library. The Pod Officer furnishes Law material upon request. There are numerous entries indicating

Exhibit " B " page 1 of 2

1

that you have requested and received numerous case and legal paperwork per your requests.

In response to your allegation that several Officers with Capsuim Pepper Spray assaulted you, the Board has reviewed reports, which indicate you refused to place your hands in the food serving port to be handcuffed and removed from your cell. The reason that a shakedown was being conducted was there was weapons found in the tank. To ensure both inmate and Officer safety, all inmates were handcuffed and placed into the dayroom during shakedown.

In response to your allegation that you are single cell occupancy restricted, the Board finds that you are not entitled to a single cell based on your legal materials. You were advised that if a single cell became available we would try to accommodate you.

In response to grievance # 1027, the Board finds there has been no disruption of your outgoing mail by mailroom personnel. Outgoing mail is picked up at the end of each individual shift and placed into a mailbox. In response to your allegation that legal mail is opened outside your presence, the Board finds that occasionally, legal mail is inadvertently opened due to inability to readily identify legal mail as such, however the contents are not read. Since receipt of this specific grievance, all outgoing correspondence mailed from you goes directly to Captain A. Ferrell, logged and mailed upon receipt.

In response to grievance # 1028, the Board recognizes similarities in your complaint and defers to the same response indicated in #1026, referencing Law Library usage.

In response to grievance # 1029, the Board finds that property [toothpaste] was released to you on at least one occasion but denied on another. All similar property [ie-] toothpaste placed into your property from another facility has since been released to you on March 22, 2004. However, future requests for services such as releasing property re to be addressed as such and not presented as a grievance as they will not be considered as one.

Captain Amy Ferrell
Support Services

Captain M. Hendrix
Booking

Chief Cedric Simon
Housing

Exhibit "B"   page 2 of 2

2

# TARRANT COUNTY SHERIFF'S OFFICE
## CONFINEMENT BUREAU ADMINISTRATION



Reference: Inmate Allen F. Calton # 0202373
Grievance Appeal # 1046A
Date: April 22, 2004

The Grievance Appeal Board met on April 22, 2004. Your original grievance, written appeal, and all applicable reports were reviewed. In response to your allegation that Officer Barnett, Officer Blacke and Corporal Harrison contributed directly or indirectly to your fall, the Board finds no evidence to support the allegation. Further there is no evidence to support the allegation that Officers are "out to get" you. There will be no further action taken by the Board in this matter

Captain Amy Ferrell
Support Services

Chief Deputy D.M. Stromile
Support Services

Chief Cedric Simon
Housing

Exhibit "C"

# TARRANT COUNTY SHERIFF'S OFFICE
## CONFINEMENT BUREAU ADMINISTRATION



Reference: Inmate Allen F. Calton # 0202373
Grievance Appeal # 1045 A
Date: April 2, 2004

The Grievance Appeal Board met on April 2, 2004. Your original grievance, written appeal, and all applicable reports were reviewed. The Board agrees with the original response you received from John Peter Smith Representative, B. Bernalk R.N. You have received medical care in accordance with John Peter Smith Hospital policy and / or procedure. Further or continuous concerns reference your medical care should be directed to the following personnel:

D. Cecero, CEO
John Peter Smith Hospital
1500 S. Main Street
Fort Worth, Texas, 76104.

There will be no further action taken by the Grievance Board in this matter.

Captain Amy Ferrell          Captain M. Hendrix          Chief Cedric Simon
Support Services             Booking                     Housing

Exhibit "D"

# TARRANT COUNTY SHERIFF'S OFFICE
## CONFINEMENT BUREAU ADMINISTRATION



Reference: Inmate Allen F. Calton # 0202373
Grievance Appeal # 538 A
Date: April 2, 2004

The Grievance Appeal Board met on April 2, 2004. Your original grievance, written appeal, and all applicable reports were reviewed. Your grievance appeal was received on March 31,2004. As a result of your grievance, both Captain A. Ferrell and Executive Chief B. Knowles, met with you on April 1, 2004. The determination was made by Chief Knowles to remove you from assaultive status, move you to pod 59 B and allow you physical access to the Law Library thus remedying your Law Library grievances. There will be no further action taken in this matter.

Captain Amy Ferrell
Support Services

Captain M. Hendrix
Booking

Chief Cedric Simon
Housing

Exhibit "E"

# TARRANT COUNTY SHERIFF'S OFFICE
## CONFINEMENT BUREAU ADMINISTRATION



Reference: Inmate Allen F. Calton # 0202373
Grievance Appeal # 1049 A
Date: April 22, 2004

The Grievance Appeal Board met on April 22, 2004. Your original grievance, written appeal, and all applicable reports were reviewed. Captain A. Ferrell spoke with John Peter Smith Supervisor Daisy Jackson reference Nurse Jacqueline's conduct, which you have alleged was indifferent. Ms. Jackson advised that the Nurse's care administered was in accordance with John Peter Smith's standards and policy. Further, the Board has been unable to substantiate that Nurses Jacqueline's administered care was in any manner directly or indirectly related to your subsequent fall. Further or continuous concerns reference your medical needs and / or attention received should be directed to David Cecero, 1500 S. Main Street, Fort Worth, Texas, 76104. There will be no further action taken by the Board in this matter.

Captain Amy Ferrell
Support Services

Chief Deputy D.M. Stromile
Support Services

Chief Cedric Simon
Housing

Exhibit "F"

Allen Calton #1123880
Bill Clements Unit
9601 Spur 591
Amarillo, Tx 79107

7003 2260 0006

CERTIFIED MA

-2 2005

4-05CV-0703-Y

United States
Office Of The
501 West Tenth
Fort Worth, Tx



IL™

073 6759





RECEIVED

NOV - 4 2005

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

District Court

Clerk Room 310

st.

76102